IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3147-FL

| | | |
|---|---|---|
| GERALD WAYNE TIMMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MS. H. CANDELARIO, CHRISTOPHER SLAYDON, and ROLAND REYES, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion to dismiss filed by defendants (DE 22), pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion been fully briefed and thus the issues raised are ripe for decision.

## STATEMENT OF THE CASE

Plaintiff was committed to the custody of the Attorney General pursuant to the Adam Walsh Act, 18 U.S.C. § 4248, on or about October 18, 2012. See United States v. Timms, No. 5:08-HC-2156-BO (E.D.N.C. Oct. 18, 2018). On June 22, 2016, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), challenging a disciplinary conviction he received at Butner and a related federal criminal conviction. He seeks monetary damages. Plaintiff's claims survived frivolity review. Defendants filed the instant motion to dismiss on September 13, 2017, plaintiff responded, and defendants replied.

## STATEMENT OF THE FACTS

In February, 2015, prison officials found a weapon in plaintiff's cell. (Compl. (DE 1) at 5). Plaintiff appeared before a disciplinary hearing officer ("DHO") and pleaded not guilty. (Id.). After a hearing, the DHO found plaintiff guilty and sentenced him to: (1) 45 days disciplinary segregation; (2) a loss of visitation privileges for one year; and (3) a loss of e-mail and commissary privileges for six months. (Id.). Documents attached to plaintiff's complaint indicate that plaintiff received the procedural safeguards required by Wolff v. McDonnell, 418 U.S. 539 (1974). (See Pl. Ex. (DE 1-1) at 1-5).

In May, 2015, plaintiff was indicted in the United States District Court for the Eastern District of North Carolina for possession of contraband in prison, in violation of 18 U.S.C. § 1791. United States v. Timms, Case No. 5:15-CR-169-BO, (DE 1). The trial court found plaintiff guilty after a bench trial, and sentenced him to a term of incarceration of 30 months. (Id. at (DE 80, 89)). The Fourth Circuit affirmed plaintiff's conviction. United States v. Timms, 685 F. App'x 285 (4th Cir. 2017).

## DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim

is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted). A court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

B.  Analysis

Plaintiff contends both of his convictions[1] are invalid because: (1) he does not meet the statutory definition of "prisoner" as defined by § 1791 and (2) he was not advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). (Compl. (DE 1) at 6). Moreover, plaintiff alleges that he is not guilty of possessing the weapon, and that he was set up by his cellmate. (Id. at 6-7). Plaintiff implies defendants were aware his cellmate possessed the weapon but charged him instead. (Id.). Finally, he claims he was convicted of these offenses as retaliation for the numerous lawsuits he has filed against the Bureau of Prisons in federal court. (Id. at 6).

---

[1] In his arguments, plaintiff often conflates the two convictions rather than addressing them individually.

As an initial matter, to the extent plaintiff alleges that he is not a "prisoner" as defined by § 1791, the Fourth Circuit specifically considered and rejected that argument. Timms, 685 F. App'x 285 ("[W]e find that Timms is an inmate under the meaning of § 1791."). Accordingly, any Bivens claim based on this argument is dismissed.

Moreover, Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Id. at 486-87.

"A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Plaintiff's claims regarding the defects in his prison disciplinary and federal convictions would necessarily imply the invalidity of both convictions and plaintiff does not claim that either conviction has been reversed on direct appeal or otherwise declared invalid. Accordingly, plaintiff's claims are not cognizable in this civil rights action. See id.; see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (holding "claim[s] for declaratory relief and money damages . . . that necessarily imply the invalidity of the punishment imposed . . . [are] not cognizable [in a civil rights action]").

Plaintiff's allegation that defendants retaliated against him also fails to state a claim. To state a claim for retaliation in the prison context, plaintiff must allege specific facts supporting the claim of retaliation; bare assertions of retaliation do not suffice. Adams v. Rice, 40 F.3d 72, 74-75 (4th

4

Cir. 1994). A claim of retaliation that fails to implicate any constitutional right "lacks even an arguable basis in law," and is properly subject to dismissal. See id. (citations omitted). As noted above plaintiff fails to allege a viable constitutional claim. Even if he did, mere "temporal proximity" between the inmate's protected activity and the officials' allegedly retaliatory act "is simply too slender a reed on which to rest" a retaliation claim. Wagner v. Wheller, 13 F.3d 86, 90-91 (4th Cir. 1993). Plaintiff alleges no specific facts supporting a claim of retaliation beyond bare assertions of temporal proximity between his numerous lawsuit and the instant convictions. Accordingly, plaintiff's retaliation claims are without merit.

Finally, although plaintiff's complaint clearly challenges the validity of his convictions, his claims are nonetheless rambling. His rambling assertions fail to set out any other constitutional claim, and, moreover, further amendment could not correct this defect. See Ziglar v. Abbasi, 137 S.Ct. 1843, 1859, 1864-65 (2017) (limiting the extent to which courts should extend the reach of Bivens).

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (DE 22) is GRANTED, plaintiff's claims are DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge

5